UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| ROBERT DE LA CRUZ,<br><br>                                    Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, ROBERT DONE, Individually, DAVID SALAZAR, Individually, CHRISTOPHER WIT, Individually, GREGORY GARRAPUTA, Individually, and JOHN DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                    Defendants. | **AMENDED COMPLAINT**<br><br>20 CV 10205 (PAC)<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

Plaintiff ROBERT DE LA CRUZ, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff ROBERT DE LA CRUZ is a twenty-five-year-old Hispanic American resident of Queens, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, ROBERT DONE, DAVID SALAZAR, CHRISTOPHER WIT, GREGORY GARRAPUTA, and JOHN DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.     On September 7, 2019, at approximately 2:30 p.m., in the vicinity of 717 5th Avenue, New York, New York, plaintiff was unlawfully arrested and subjected to excessive force by, or in the presence of, without limitation, defendants ROBERT DONE, DAVID SALAZAR , CHRISTOPHER WIT, and GREGORY GARRAPUTA.

13.     At the aforesaid date, time, and location, plaintiff was present with a male friend who was urinating on a building located at the above address.

14.     NYPD officers were subsequently waved over by a man believed to be a doorman of said building.

15.     NYPD officers, including without limitation defendants DONE and SALAZAR, responded and immediately approached plaintiff and attempted to arrest him.

16.     Plaintiff, bewildered by their approach and attempt to arrest him since he had done nothing wrong, responded by putting both hands in the air and questioning the officers about why he was being arrested.

17.     Defendants WIT and GARRAPUTA then arrived.

18.     Defendant officers SALAZAR, WIT, GARRUPUTA, and possibly DONE then collectively, needlessly, and unjustifiably proceeded to tackle plaintiff to the ground, resulting in his body and head crashing against the concrete pavement.

19.     While lying on the ground facing the pavement, plaintiff felt repeated hits to his body.

20.     The defendant officers then applied handcuffs to plaintiff's wrists in an overtight manner, or failed to intervene in said tight handcuffing.

21. Plaintiff repeatedly asked the defendant officers why he had been arrested and tackled and complained about the overtight handcuffs; his questions and complaints went unheeded.

22. Plaintiff, appearing visibly injured by the assault he underwent, was then asked by the defendant officers whether he needed medical treatment, to which he responded "yes."

23. Plaintiff was thereafter transported to Bellevue Hospital via an ambulance, where his injuries were evaluated.

24. While at Bellevue Hospital, additional restraints were unnecessarily added to plaintiff, specifically, shackles to his feet.

25. Plaintiff was then transported to the 18th Precinct, where he was imprisoned for a number of hours.

26. The defendant officers continued to imprison plaintiff until September 8, 2019, when plaintiff was arraigned in New York County Criminal Court on baseless charges filed under docket number CR-028737-19NY; said charges having been filed based on the false allegations of defendant officer DONE.

27. Defendants created and manufactured false evidence which was conveyed to the New York County District Attorney's office by DONE and used against plaintiff in the aforementioned legal proceeding. Specifically, defendant DONE swore to false claims that plaintiff pushed defendant officer SALAZAR and resisted arrest. Contrary to DONE's claims, plaintiff did not engage in such acts, nor could he have, as he was tackled to the ground shortly after defendant officers arrived at the scene.

28. As a result of the defendants' misconduct, plaintiff was compelled to return to court on October 17, 2019, on which date all false charges lodged against him were adjourned in

contemplation of dismissal and thereafter dismissed and sealed.

29. Moreover, as a result of the above use of unnecessary force, plaintiff sustained injuries, *inter alia*, numbness and loss of sensation in his left hand, a facial contusion, bruising and abrasions to his wrists, shoulders, behind his right ear, knees and legs, and pain in his back.

30. Following the incident, plaintiff received further medical treatment and evaluation for his hand injury.

31. Defendant NYPD officers DONE, SALAZER, GARRAPUTA, and JOHN DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so, and defendant WIT, who held the rank of sergeant, supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

32. Defendant NYPD officers DONE, SALAZER, WIT, GARRAPUTA, and JOHN DOE 1 through 10 owed a duty to plaintiff to ensure his safety in their custody.

33. Defendant NYPD officers DONE, SALAZER, WIT, GARRAPUTA, and JOHN DOE 1 through 10 breached their duty to plaintiff, resulting in plaintiff sustaining the above-described physical injuries while in their custody.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

35. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to cover up police abuse.

36. For instance, in another civil rights action filed in the Eastern District of New York involving false allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

37. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

38. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff ROBERT DE LA CRUZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiff ROBERT DE LA CRUZ sustained, *inter alia*, physical injuries, emotional distress and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The individually named defendant officers arrested plaintiff ROBERT DE LA CRUZ without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

46. Defendant officers caused plaintiff ROBERT DE LA CRUZ to be falsely arrested and unlawfully imprisoned.

47. As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

48.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.   The level of force employed by the individually named defendants in tackling plaintiff and subjecting him to further use of needless force was excessive, objectively unreasonable and otherwise in violation of plaintiff ROBERT DE LA CRUZ's constitutional rights.

50.   As a result of the aforementioned conduct of defendants, plaintiff ROBERT DE LA CRUZ was subjected to excessive force and sustained serious physical injuries and emotional distress.

51.   As a result of the foregoing, plaintiff ROBET DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

52.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.   Individually named defendant officers reported false allegations against plaintiff ROBERT DE LA CRUZ to prosecutors.

54.   Said false evidence was used against plaintiff in legal proceedings.

55.   As a result of defendants' false allegations, which defendants conveyed to the

New York County District Attorney's Office, plaintiff suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and was deprived of his liberty.

56.     As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendant Officers)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     The individually named defendants had an affirmative duty to intervene on behalf of plaintiff ROBERT DE LA CRUZ, whose constitutional rights were being violated in their presence by other officers.

59.     The defendants failed to intervene to prevent the unlawful conduct described herein.

60.     As a result of the foregoing, plaintiff ROBERT DE LA CRUZ was arrested, subjected to excessive force and he was denied his right to a fair trial.

61.     As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(<u>Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers</u>)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendant Wit personally caused plaintiff's constitutional injury by participating in and overseeing the misconduct perpetrated against plaintiff and by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

64.     As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(<u>Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York</u>)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unjustifiably arresting individuals, subjecting them to excessive force, and manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening,

hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROBERT DE LA CRUZ's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROBERT DE LA CRUZ.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROBERT DE LA CRUZ as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ROBERT DE LA CRUZ as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ROBERT DE LA CRUZ was unlawfully arrested, incarcerated, searched, prosecuted, and subjected to excessive force.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROBERT DE LA CRUZ's constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff ROBERT DE LA CRUZ of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force;

    C.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

74. As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79. Plaintiff has complied with all conditions precedent to maintaining the instant action.

80. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York Against All Defendants)

81.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.  Defendants arrested plaintiff ROBERT DE LA CRUZ without probable cause.

83.  Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

84.  As a result of the aforementioned conduct, plaintiff ROBERT DE LA CRUZ was unlawfully imprisoned in violation of the laws of the State of New York.

85.  As a result of the aforementioned conduct, plaintiff ROBERT DE LA CRUZ suffered physical and emotional injury, and loss of freedom.

86.  Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87.  As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York against All Defendants)

88.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.  As a result of the foregoing, plaintiff ROBERT DE LA CRUZ was placed in apprehension of imminent harmful and offensive bodily contact.

90.     As a result of defendant's conduct, plaintiff ROBERT DE LA CRUZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

92.     As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendants made offensive contact with plaintiff ROBERT DE LA CRUZ without privilege or consent.

95.     As a result of defendants' conduct, plaintiff ROBERT DE LA CRUZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.     The individually named defendants battered plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

97.     As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who arrested, assaulted and battered, and manufactured evidence against plaintiff ROBERT DE LA CRUZ.

100. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

101. As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who arrested, assaulted and battered, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

104. As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELVETH CAUSE OF ACTION
(Negligence under the laws of the State of New York against All Defendants)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107. Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

108. As a result of the foregoing, plaintiff ROBERT DE LA CRUZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ROBERT DE LA CRUZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       May 28, 2021

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff ROBERT DE LA CRUZ
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
>     BRETT H. KLEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ROBERT DE LA CRUZ,

                                     Plaintiff,

    -against-

                                                                              20 CV 10205 (PAC)

CITY OF NEW YORK, ROBERT DONE, Individually,
DAVID SALAZAR, Individually, CHRISTOPHER WIT,
Individually, GREGORY GARRAPUTA, Individually, and
JOHN DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                                     Defendants.

------------------------------------------------------------------------------X


                                              **AMENDED COMPLAINT**




                                  **BRETT H. KLEIN, ESQ., PLLC**
                                       Attorneys for the Plaintiff
                                       305 Broadway, Suite 600
                                      New York, New York 10007
                                           (212) 335-0132